924 F.2d 1057
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter CALLIHAN, Plaintiff-Appellant,
Goldie Callihan, Appellant,
v.
Honorable Joe LEE, United States Bankruptcy Judge, Susan M.
Johnson, Trustee, Defendants-Appellees.
 No. 90-5685.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1991.
 
 E.D.Ky., No. 89-00218; Forester, J.
 E.D.Ky.
 AFFIRMED.
 Before KEITH and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellants Walter Callihan and Goldie Callihan, his wife, appeal the district court's denial of their petition for a writ of mandamus and their motion for recusal of several named district court judges. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Appellants are debtors in the United States Bankruptcy Court. In their petition for a writ of mandamus, appellants sought to compel the bankruptcy judge to rule on their motion to order the trustee to abandon its interests in certain contingent and unliquidated claims against two utility companies. In addition, appellants sought recusal of the bankruptcy judge as well as several named district court judges on the basis of prejudice.
 
 
 3
 On March 21, 1990, the district court entered an order denying appellants' motion for recusal and further denying appellants' petition for a writ of mandamus as moot.
 
 
 4
 Upon consideration, we conclude that the district court correctly denied appellants' motion for recusal of the bankruptcy judge and named district court judges. A federal judge may be disqualified for bias or prejudice on motion supported by a written affidavit of facts supporting the claim and a certificate of good faith from the counsel of record. 28 U.S.C. Sec. 144. Appellants failed to comply with the statute; no showing was made of a legal basis for the claim, nor was an affidavit filed. Therefore, the motion was properly denied.
 
 
 5
 Upon further consideration, we conclude that the district court properly dismissed the mandamus action. The mandamus action became moot by the order issued by the bankruptcy judge on January 30, 1990, denying appellants' motion to compel the trustee to abandon its interest in certain contingent and unliquidated claims against the two utility companies. Moreover, the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where there is a showing of a clear and indisputable right to the relief sought. See The Courier Journal v. Marshall, 828 F.2d 361, 363 (6th Cir.1987). Appellants have not made such a showing in this case. Finally, as appellants' petition for a writ of mandamus is moot, all other issues raised on appeal are meritless.
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.